JOHN PIGG, SR., *v.* JOHN A. WHITMAN ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—320.]·

### New Trial to Rectify Mistake.

When the attorney for a party is misled by representations made by his adversary, and the rights of his client have been voluntarily or inadvertently compromised by counsel, a new trial should be granted to rectify such mistake.

### New Trial on Account of Newly Discovered Evidence.

Where a party has lost his cause by insufficient evidence or because the weight of evidence was against him at the trial, the discovery afterwards that the prevailing party confessed and is willing to testify that the judgment is against the truth, a new trial should be granted upon such newly discovered evidence, if discovered within the time provided by law.

APPEAL FROM LAWRENCE CIRCUIT COURT.

March 12, 1881.

OPINION BY JUDGE HARGIS:

The evidence, which is alleged to have been discovered since the trial, is of such a certain and conclusive character that we are inclined to think that under the circumstances of this case it is not merely cumulative. McHatchen, one of the heirs of Wallace, and an appellee, testifies against her interest, and positively to facts which should have produced a different result from the judgment before us, had the evidence of the witnesses known to the appellant before the trial been taken.

The facts of this case do not show that the attorney for appellant acted fraudulently or wantonly, but they clearly establish that he was mistaken as to obtaining a continuance in order to secure the record evidence from Washington of the claim against the government. It was not unreasonable for the attorney to advise the appellant that he need not take his evidence before the coming term, in view of his inability to procure the record evidence from Washington, and of the agreement made between the appellant and appellee, Castle, who was the husband of an heir of Wallace and a defendant and counsel in the action, to survey or have surveyed the land, and to acquiesce in the survey, which had not been made when the judgment was rendered.

The demand of a trial under these circumstances was a surprise

to the appellant and his attorney, against which they could not by reasonable care have provided. It appears that appellant knew nothing of the character of the judgment until a month or so after it was rendered, and the subsequent discovery of the fact that Castle had demanded a trial, notwithstanding the agreement to survey, was newly discovered evidence, as the quantity of the land was in issue.

It is said in the case of *Winn v. Young,* 1 J. J. Marsh. (Ky.) 51, in substance, that when the rights of a party have been voluntarily or inadvertently compromised by counsel a new trial should be granted to rectify such mistakes. Here there is not so much inadvertence or mistake on the part of the attorney as being mislead by matters which he had the right to rely on, and especially by the agreement to survey the land before the trial. Where a party has lost a cause by insufficient evidence or because the weight of the evidence was against him at the trial, the discovery afterwards that the prevailing party confessed and is willing to testify that the judgment was and is against the truth, a new trial should be granted upon such newly discovered evidence, if discovered, as in this case, within the time provided by law.

Wherefore the judgment is *reversed* and cause remanded with directions to overrule the demurrer to plaintiff's petition as amended; and for further proceedings consistent with this opinion.

*W. M. Fulkerson, A. Duvall, for appellant.*

*G. W. Castle, for appellees.*